Mr. Justice Gantt
delivered the opinion of the Court.,
This case presents but one single point for the consideration of the Court, i. e. the nature of the covenants before recited.
Are the conditions which the defendant is .obliged to perform, dependant upon some act which must previously be fulfilled on the part of the plaintiff? '■
Lord Mansfield, in the case of Jones vs. Barkley, (see Douglas, 690, 691,) says, “the dependence or independence of covenants was to be collected from the evident sense apd meaning of the parties, and that however transposed they might be in the' deed, their precedency must depend on the order of time, in whiclnhe intent of the transaction requires their performance.”
What is then the evident sense and intention of the parties to this agreement ? Obviously this; th'at the defendant should restore the possession of the premises to the plaintiff immediately on the expiration of the lease ; and that bis doing so, was not to depend upon a previous act to be performed by the plaintiff. The valuation of the lots wa& not to take place till the lease expired. The act of fixing & value upon the houses in the mode and manner pointed out', in the agreement, would necessarily require time to be effected 1 for in case of disagreement on the part of those who were to be mutually chosen by the parties concerned in interest, a third person was to be appointed to fix the value. is it possible' to conceive that the contracting par f ties had it in contemplation, from any thing to be collected from the covenants, that this adjustment of value was to be made at the precise point of time that the defendant had bound himself to surrender up the possession of the premises to the plaintiff? The design of fixing a value upon the *94 bouses would have answered the views of the parties as well if done in a few days or few weeks after the surrender, as at the time of it; seeing that the defendant was to be paid this value by instalments, and that the first payment was not to be-made sooner than a year from the expiration of the lease. It would therefore be doing violence to every rule of construction, to say that the fixing a value upon the buildings is to be considered in the light of a condition precedent to the plaintifF’s getting possession of the. lots. Fixing the value upon the houses was not an act which the plaintiff was authorized to have done alone ; the defendant himself was as much to be concerned in it as the plaintiff; either or both might have been in default; but neither was bound by the contract to perform his part of it, till after the period fixed on for delivering back the possession to the plaintiff. Besides, the consideration which the defendant was to receive for a performance of the stipulations imposed upon him, was not the ascertainment of the value of the' houses, but the payment of that value in one, two, and three years; and he had provided lor himself an adequate remedy in the plaintiff’s covenant for the attainment of both objects. On this we must suppose the defendant placed his reliance for indemnity. This was the construction which the presiding Judge put upon the agreement in his decision of the question upon the demurrer, and the Court are satisfied that the view taken by him was strictly correct and legal. The motion in this case must, therefore, fail.
Justices Colcack, Nott and Huger, concurred.